UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Howard Cohan,

    Plaintiff,

v.

Kohl's, Inc.,

    Defendant.

Case No. 23 C 5081

Judge Jorge L. Alonso

## Memorandum Opinion and Order

Plaintiff Howard Cohan has sued Defendant Kohl's, Inc. ("Kohl's") for alleged violations of the Americans with Disabilities Act ("ADA"). Kohl's has moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) (ECF No. 13), alleging that Cohan's complaint lacked a "real and immediate threat of future injury" in his complaint to establish standing for injunctive relief. For the reasons below, the Court agrees and grants Kohl's motion to dismiss (ECF No. 13).

## Background

Howard Cohan ("Cohan") resides in Palm Beach County, Florida, and suffers from multiple permanent disabilities, such as severe spinal stenosis of the lumbar spine and cervical spine and multiple tears to shoulder and knee ligaments. (Compl. ¶¶ 3, 7, ECF No. 1.) These injuries cause Cohan sudden onsets of severe pain and substantially limit his major life activities, including walking, standing, and lifting objects (*Id.*). As a result of these injuries, he is classified as a person with a disability and is protected by the ADA. (*Id.*)

On August 2, 2023, Cohan filed a complaint against Kohl's in this Court. (ECF No. 1.) In it, Cohan alleges he encountered multiple ADA violations during his visits to two Kohl's stores in Illinois—one in Gurnee and another in Vernon Hills. (*Id.* ¶ 8.) Such alleged violations include inaccessible soap dispensers, inoperable swinging doors, and incorrect placement of grab bars in

the men's bathroom, which he claims impeded his access and enjoyment of each store's facilities, services, goods, and amenities. (*Id.* ¶¶ 9, 23–28.) Cohan alleges that he will "absolutely return" to the Kohl's once these barriers are removed. (*Id.* ¶¶ 13–14.) Cohan claims this intent to return through both his status as an ADA "tester," meaning he visits places of public accommodation to ensure ADA compliance, and because he has averaged two to three trips to Illinois per year over the past ten years. (*Id.* ¶¶ 9, 13.)

On December 22, 2023, Kohl's filed its motion to dismiss Cohan's complaint under Federal Rule of Civil Procedure 12(b)(1). (ECF No. 13.) Cohan responded on January 31, 2024, and Kohl's replied on February 21, 2024. (ECF Nos. 17, 20.)

## Legal Standard

"Rule 12(b)(1) is the means by which a defendant raises a defense that the court lacks subject-matter jurisdiction," including a challenge to the plaintiff's standing. *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). "Standing" refers to the "'personal stake in the outcome'" of the case that the plaintiff must have in order to invoke the "judicial power" wielded by the federal courts. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). An attack under Rule 12(b)(1) can either be facial, which challenges the plaintiff's allegations in the complaint, or factual, which challenges the existence of subject matter jurisdiction accepting the allegations as true. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009).

## Discussion

"Subject matter jurisdiction defines the court's authority to hear a given type of case; it represents the extent to which a court can rule on the conduct of persons or the status of things." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (internal quotation marks and citations omitted). "Standing is an element of subject-matter jurisdiction in a federal civil action" and requires the plaintiff to show they "[have] (1) suffered an injury in fact, (2) that it is fairly

2

traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1057 (7th Cir. 2018).

The parties agree that Cohan has satisfied the second and third elements for standing, so their dispute concerns whether Cohan has satisfied the first element, an injury in fact. An injury in fact is a harm suffered by the plaintiff that is "(a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted).

For a plaintiff seeking injunctive relief under the ADA, they must allege a "real and immediate" threat of future injury; past injury alone is insufficient to justify injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017). These future violations cannot be alleged through mere professions of intent but must include "concrete plans" or a "specification of when" their return to the premises will be. *Lujan*, 504 U.S. at 564. Thus, to adequately allege standing for injunctive relief under the ADA, the plaintiff must allege (1) a past injury under the ADA, (2) a reasonable probability that this discriminatory treatment will continue, and (3) based on the plaintiff's frequency of past visits and proximity to the place of public accommodation, that they intend to return to the place in the future. *See Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013). To further examine a plaintiff's standing for injunctive relief under the ADA specifically, courts weigh "(1) the history of plaintiff's patronage of a particular location; (2) the proximity of the place in question to the plaintiff's residence or location of frequent travel; (3) the definiteness of the plaintiff's plans to return; and (4) the plaintiff's frequency of travel near the defendant establishment." *Cohan v. Lakhani Hosp., Inc.*, No. 21 CV 5812, 2022 WL 797037, at *3 (N.D.

Ill. Mar. 16, 2022) (internal quotation marks and citations omitted). For the following reasons, Cohan has insufficiently pled an injury in fact and the Court thus dismisses this case without prejudice.

Cohan has not adequately pled a real and imminent threat of future injury, either through his status as an ADA tester or through an intent to return to the Kohl's stores where the alleged violations occurred. "[W]hile tester status does not defeat standing, it does not automatically confer it either." *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 833 (7th Cir. 2019). The plaintiff must still satisfy all elements of standing, including the injury-in-fact requirement. *Id.* The plaintiff must present facts and tangible reasons to support an intent to return rather than conclusory statements or allegations. *See Scherr*, 703 F.3d at 1075 (holding that the plaintiff must show a specific intent to return to the premises where the ADA violations occurred based on concrete facts, such as a familial connection or upcoming events); *see also Cohan v. Texas Roadhouse Holdings LLC*, 635 F. Supp. 3d 1341, 1348 (S.D. Fla. 2022) (holding that Cohan's intent to return and ensure the restaurant's compliance with the ADA was insufficient to establish standing without presenting specific facts to support this intent).

Here, Cohan does not allege facts to support a plausible inference of return, but rather pleads conclusory statements of intent. Cohan states that he will "absolutely return" to the premises in the future when Kohl's removes its architectural barriers. (Compl. ¶ 9, ECF No.1.) He supports this claim by his status as an ADA tester and that he has averaged two to three visits to Illinois per year over the last ten years. (*Id.*) Despite his desire to be a future patron, Cohan believes "it would be a futile gesture" to return under the current conditions that prevent his full enjoyment of the premises. (*Id.* ¶¶ 10, 12.) Cohan provides no further alleged facts to support a future threat of injury. This is unlike *Scherr,* where the court found that since the plaintiff had

4

extended family and a relative had an upcoming wedding near the premises, the court could plausibly infer that the plaintiff would return to the premises. 703 F.3d at 1074–75.

Cohan's ties to the Kohl's locations at issue are less concrete than those in his complaints in prior cases. For example, in *Lakhani*, Cohan alleged that he regularly visited Chicago and would return but for the alleged ADA violations, and the premises in question were a hotel that advertised its proximity to O'Hare Airport "in its very name" and thus was more likely to be used by an out-of-state traveler like Cohan than by a local resident. 2022 WL 797037, at *3. This contrasts with Cohan's present complaint, in which he alleges no specific ties, connections, or concrete reasons to return to Gurnee or Vernon Hills outside of his status as an ADA tester.

Similarly, in *Cohan v. HCD Chicago Corp.*, the premises were a hotel in downtown Chicago that Cohan had visited three times over the preceding three years. No. 1:18CV04290 (N.D. Ill. Oct. 26, 2018). Cohan further conditionally alleged that he would "absolutely return to the premises" but for these violations, and the court found that the concrete support of his prior visits and the premises location in a metropolitan area supported a plausible inference of his return. *Id.* Finally, in *Cohan v. Bensenville Hospitality Inc.*, the premises at issue were the "Country Inn & Suites Chicago O'Hare South," similar to the premises in *Lakhani* that advertised proximity to the O'Hare Airport. No. 15 CV 00214, 2016 WL 2733281, at *1 (N.D. Ill. May 11, 2016). In that case, Cohan alleged that he visited Chicago three times per year for personal and business reasons and planned to return to the premises within the next 30 days if they were made accessible. *Id.* at *2. Cohan's prior visits and concrete plans to return but for the alleged ADA violations were enough to survive a motion to dismiss in that case. *Id.*

Absent concrete ties or reasons to support Cohan's intent to return here, he has not adequately alleged a real and imminent threat of future injury. Although Cohan has alleged a

5

conditional statement that he would "absolutely return" to the relevant Kohl's locations in Gurnee and Vernon Hills but for the alleged ADA violations, he has not alleged facts or concrete plans to do so that adequately support an inferred return to those locations. Cohan merely supports his conditional statement with the average number of trips he has made to Illinois generally over the last ten years, without any further ties or plans to return to the Kohl's locations or their area specifically. For a conditional statement to suffice, the plaintiff must allege concrete plans to return, perhaps by pointing to ties to the area or other facts to support a plausible inference of return. Without more, the Court cannot plausibly infer that Cohan will return to justify injunctive relief. *See Lujan*, 504 U.S. at 564 ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." (emphasis in original)).

Courts have considered whether a plaintiff's claim of future injury passes muster by addressing four factors: "(1) the history of plaintiff's patronage of a particular location; (2) the proximity of the place in question to the plaintiff's residence or location of frequent travel; (3) the definiteness of the plaintiff's plans to return; and (4) the plaintiff's frequency of travel near the defendant establishment," to guide and inform the court in their analysis of the plaintiff's standing. *Lakhani*, 2022 WL 797037, at *3. Those factors inform the Court's decision here.

1. **History of Plaintiff's Patronage of Defendant's Business**

The first factor addresses "the history of plaintiff's patronage of a particular location," which in this case is the two Kohl's locations at issue. *Id.* The more that a plaintiff had previously visited the premises in question, the more reasonable it is to infer that they will return in the future. *Compare Faircloth v. McDonald's Corp.*, No. 18-cv-1831, 2018 WL 5921230, at

6

\*3 (N.D. Ill. Nov. 13, 2018) (noting that the plaintiff did not specify how many prior times he had visited the defendant premises besides the time in question), *with Davis v. Wendy's Int'l, LLC*, No. 1:19-CV-04003, 2019 WL 6769689, at \*4 (N.D. Ill., Dec. 12, 2019) (finding that the plaintiff's specific allegation of visiting the premises "once every two months" supports a plausible inference of return). Cohan notes one prior visit to each Kohl's location on September 28 and 29, 2022. (Compl. ¶ 8, ECF No. 1.) Cohan does not allege any other prior visits to either Kohl's location. Although Cohan does allege that he visits Illinois "at least two to three trips per year for the past ten years", Cohan does not specifically allege he has travelled to either the Gurnee or the Vernon Hills Kohl's location, or to their surrounding areas, during those previous trips. (*Id.* ¶ 9.) Because of Cohan's lack of prior patronage to the premises beyond the two incidents, this factor weighs against finding Cohan has standing.

### 2. Proximity of Defendant's Business to Plaintiff's Residence

The second factor examines "the proximity of the place in question to the plaintiff's residence or location of frequent travel. *Lakhani*, 2022 WL 797037, at \*3 (internal quotation marks and citations omitted). The closer a plaintiff resides to the premises in question, the more plausible it is to infer a return and thus an injury in fact. *See Breeze v. Kabila Inc.*, 575 F. Supp. 3d 141, 157 (D.D.C. 2021) (holding that a plaintiff living eleven miles away, which is a "close driving distance" from the defendant premises, is considered close proximity; "A plaintiff need not live right next door to an allegedly non-compliant facility"); *see also Harris v. Stonecrest Care Auto Ctr.*, 472 F. Supp. 2d 1208, 1216 (S.D. Cal. 2007) (finding that a plaintiff living "hundreds of miles" from the defendant premises is not considered in close proximity to the premises). Here, Cohan resides in Palm Beach County, Florida. (Compl. ¶ 3, ECF No. 1.) The premises in question in Gurnee and Vernon Hills are approximately a thousand miles away and

7

are not near an airport like the premises in other cases. (*Id.* ¶ 4.) Although Cohan alleges two to three trips to Illinois generally per year over the past ten years, the significant distance between Cohan's residence and the defendant premises remains. This substantial distance weighs against an inference of future injury.

3. **Definiteness of the Plaintiff's Plans to Return**

The third factor examines "the definiteness of the plaintiff's plans to return" to the premises in question. *Lakhani*, 2022 WL 797037, at *3 (internal quotation marks and citations omitted). Vague or conclusory allegations or status as an ADA tester are inadequate to promote a definite return; the plaintiff must allege tangible reasons for returning. *See Texas Roadhouse*, 635 F. Supp. 3d at 1348–49 (considering similar conclusory allegations that Cohan would "absolutely return to the Premises" and finding them insufficient); *Faircloth*, 2018 WL 5921230, at *3 (finding that a plaintiff "reasonably expects to visit" the defendant McDonald's rather than specific future attempts to visit is not definite enough to support a plan to return); *see also Davis*, 2019 WL 6769689, at *4 (finding that the plaintiff's specific intent to visit the defendant premises "on foot" and buy food "during [the] late evening hours" indicated definite plans to return). Here, Cohan alleges that he will "absolutely return" based on his status as an ADA tester and his average two to three trips to Illinois but alleges no definiteness to those plans. (Compl. ¶ 9, ECF No. 1.) This factor thus weighs against Cohan.

4. **Frequency of Plaintiff's Travel Near Defendant's Business**

The fourth and final factor examines "the plaintiff's frequency of travel near the defendant establishment." *Lakhani*, 2022 WL 797037, at *3 (internal quotation marks and citations omitted). Plaintiff's frequent travel near the premises in question supports a plausible inference of return and aids in establishing an injury in fact. *See id.* (holding it is plausible to

8

infer Cohan's return where Cohan's two to three average trips to Chicago along with his plans to return to the area promote a high frequency of travel near the area). In his complaint, Cohan alleges he travels to Illinois an average of two to three times per year. (Compl. ¶ 9, ECF No. 1). This shows some frequency of visits to Illinois generally, but not to Gurnee or Vernon Hills specifically. Therefore, this factor weighs against standing.

Accordingly, on balance, the relevant factors weigh against finding standing for Cohan in this case and dismissal for lack of standing is warranted.

## Conclusion

For the reasons above, the Court finds that Cohan has failed to allege a "real and immediate" threat of future injury to establish standing for injunctive relief under the ADA. Therefore, the Court grants Kohl's motion to dismiss (ECF No. 13) and dismisses Cohan's complaint under Rule 12(b)(1) for lack of standing. Civil case terminated.

SO ORDERED.                                              ENTERED: August 15, 2024

 

**HON. JORGE ALONSO**
**United States District Judge**